NO. 07-01-0370-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 19, 2001



______________________________




ELVIS GONZALEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13957-0102; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Elvis Gonzalez appeals from the revocation of his community supervision. 
We dismiss for want of jurisdiction.

BACKGROUND

 On February 27, 2001, in the 242nd District Court of Hale County, Texas, appellant
pled guilty to the offense of Assault on a Public Servant. The plea was pursuant to a plea
bargain which was honored by the trial court. The trial court found appellant guilty,
sentenced appellant to 2 years incarceration in the Texas Department of Criminal Justice,
Institutional Division, assessed a $500 fine, suspended imposition of the incarceration
portion of the sentence, and placed appellant on community supervision for 2 years.

 On May 10, 2001, the State filed a motion to revoke appellant's community
supervision. The motion was heard on August 6, 2001, and the trial court entered
judgment on that date revoking appellant's community supervision and imposing sentence
of 2 years incarceration, a $500 fine, court costs and attorney's fees. Appellant filed
neither a motion for new trial nor a motion to extend time to file notice of appeal. On
September 7, 2001, appellant filed notice of appeal from the judgment of August 6, 2001. 

 On October 9, 2001, this court abated the appeal pending consideration of
appellate jurisdiction. On November 5, 2001, pursuant to our notice of abatement,
appellant filed a brief addressing this court's jurisdiction. 

LAW

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence
is imposed or after the day the trial court enters an appealable order, unless a timely
motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a
criminal defendant no later than 30 days after the date sentence is imposed in open court. 
Tex. R. App. P. 21.4(a). The time for filing a notice of appeal may be extended for 15 days
under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be
extended, both a notice of appeal and a motion for extension of time which complies with
TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918
S.W.2d 519, 523-25 (Tex.Crim.App. 1996). 

 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000). Thus, if an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 523-25
(Tex.Crim.App. 1996).

ANALYSIS

 Appellant's notice of appeal was not timely filed. A motion to extend time to file the
notice of appeal was not filed. Accordingly, this court does not have jurisdiction over the
appeal. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The appeal is dismissed for want of jurisdiction. Tex. R. App. P. 39.8, 40.2, 43.2. 


 Phil Johnson

 Justice



Do not publish.



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0234-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 6, 2010

 

______________________________

 

 

THE STATE OF TEXAS, APPELLANT

 

V.

 

CHRIS ALLEN McLAIN, APPELLEE

 

 

_________________________________

 

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 

NO. B18002-0904; HONORABLE EDWARD LEE SELF, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

CONCURRING OPINION

            Appellee's
business and residence were searched pursuant to a search warrant, issued by a
magistrate, based upon an affidavit which the trial court found lacked a
substantial basis for concluding that a search of the described premises would
uncover evidence of wrongdoing at the
time the warrant was issued. 
Examining the four corners of the affidavit, the trial court found that
the affidavit lacked any specificity regarding when the matters referenced occurred because the only temporal
statement concerning evidence to be seized was as follows:

In the past 72 hours, a
confidential informant advised the Affiant that Chris was seen in possession of
a large amount of methamphetamine at his residence and business.

 

The trial court concluded that the reference to
"the past 72 hours" was a reference to when the affiant spoke to the
confidential informant and not a reference to when the confidential informant
witnessed Appellee in possession of the contraband.  Based upon that finding, the trial court
granted Appellee's motion to suppress evidence seized as a result of the
execution of that search warrant.  In an
appeal brought by the State, the majority has found, and I agree, that the
trial court did not abuse its discretion in granting Appellee's motion to
suppress.  While I concur in the result
reached by the majority, I write separately because I interpret the State's
second issue differently than the majority. 

            The
majority construes the State's second issue as contending that the trial court
erred because the "good faith" exception found in article 38.23(b) of
the Texas Code of Criminal Procedure applies so as to exempt the contested
evidence from exclusion.  The majority
then proceeds to overrule that issue by explaining why that exception does not
apply to the situation where an officer's objective good faith reliance is
based upon a warrant that was not issued upon probable cause.  While I agree with this conclusion, I
construe the State's contention differently. 
I believe the State is contending that Appellee did not raise a article
38.23 objection, thereby waiving it, and that this Court should therefore apply
a good faith exception to the application of the exclusionary rule for the
technical violation of an accused's constitutional rights, both state and
federal, where the evidence is obtained by a law enforcement officer acting in
objective good faith reliance upon a warrant issued by a neutral magistrate.

            Neither
the order granting Appellee's motion to suppress, nor the Findings of Fact and Conclusions of Law filed
by the trial court, specify the basis upon which the evidence seized was
suppressed.  Furthermore, neither the Brief for the Appellee filed in this
cause, nor the Brief
in Support of Defendant's Motion to Suppress Evidence, ever mention article
38.23.  The only reference Appellee makes
to article 38.23 is contained in the Motion
to Suppress, filed by his previous counsel, wherein he generally contends that
the evidence was seized "in violation of the Fourth, Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution, Article I, Section 9,
10, and 19 of the Constitution of the State of Texas and under article 38.23 of
the Texas Code of Criminal Procedure." 
To the extent that the trial court's basis for exclusion was anything
other than article 38.23, I agree with the State's contention that the exclusionary
rule should not apply to the facts of this case.

            While
the Fourth Amendment to the United States Constitution, and Article I, Section
9 of the Texas Constitution, both protect the right of the people to be secure
in their persons, houses, and possessions, against unreasonable searches and
seizures, neither contains a provision expressly precluding the use of evidence
obtained in violation of their commands. 
The exclusionary rule we commonly apply is a judicially created rule
"designed to safeguard Fourth Amendment rights generally through its
deterrent effect."  Herring v. United States, 555
U.S. ___, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009); United States v. Calandra, 414 U.S. 338, 348, 94 S.Ct. 613, 38
L.Ed.2d 561 (1974).  The fact that
a Fourth Amendment violation occurs does not necessarily mean that the
exclusionary rule applies and in determining its applicability to a given set
of facts the trial court must consider the objective reasonableness of not only
the officers who originally obtain a warrant, but also the officers who eventually
execute the warrant.  Herring, 129 S.Ct. at 700; United States v. Leon, 468 U.S. 897,
923, n. 24, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).  

            In
Herring, the police arrested the
accused based upon a warrant listed in their computer database.  A search incident to that arrest yielded
drugs and a gun.  It was subsequently
determined that the warrant had been recalled months earlier, though the
warrant information had never been removed from that database due to the
negligence of personnel in the reporting jurisdiction's sheriff's office.  When Herring was indicted on federal gun and
drug possession charges, he moved to suppress that evidence.  The trial court concluded that the
exclusionary rule did not apply and denied the motion to suppress.  In affirming the trial court's decision, the
Supreme Court concluded that, although Herring's arrest was predicated upon an
invalid warrant, the benefit of applying the exclusionary rule would be marginal
or non-existent where the arresting officer was acting in objective good faith
when he reasonably believed there to be an outstanding warrant.  Herring, 129 S.Ct. at 704. 

            That
same logic reasonably applies here.  When
officers executed the search warrant in question in this case, they reasonably
believed that the warrant had been issued by a neutral magistrate in compliance
with the provisions of article 18.01 of the Texas Code of Criminal
Procedure.  The police misconduct here,
if any, was bad grammar, not a "systemic error or reckless disregard of
constitutional requirements."  Id. 
In cases such as this, the exclusionary rule should not automatically be
applied.  

            While
I do not read the State's second issue as narrowly as the majority, in the
final analysis, the majority's conclusion is both correct and controlling.  Although Appellee never advocated the
exclusion of evidence on the basis of article 38.23 at trial or on appeal, it
cannot be said that he waived the reference thereto in his motion to suppress.  Because the majority correctly concludes that
the evidence is excludable under article 38.23(b), and because an appellate
court must affirm the decision of the trial court regarding a motion to
suppress if that decision is reasonably supported by the record and is correct
upon any theory of law applicable to the case, Young v. State, 283 S.W.3d 854, 873-74 (Tex.Crim.App. 2009), I
concur in the result reached by the majority.

                                                                                      Patrick A. Pirtle

                                                                                            Justice

 

 

Publish.